**Hamilton HALEY, Plaintiff—Appellant,**

v.

**R.J. DONOVAN, Correctional Facility; et al., Defendants—Appellees.**

**No. 06–55856.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Filed Sept. 27, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Hamilton Haley, Represa, CA, pro se.

Steve Aronis, DAG, Office of the California Attorney General, Stephen A. Aronis, Esq., Office of the Deputy Attorney General, San Diego, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Hamilton Haley, a California state prison inmate, appeals pro se from the district court's grant of the defendant prison officials' motion for summary judgment on qualified immunity grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We review de novo whether it was clearly established in 2001 and 2002, when Haley, a Sikh, was disciplined for refusing to cut his hair, that the California Department of Corrections (CDC) grooming reg-

ulations requiring short hair violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc–1(a) (RLUIPA). *See Hydrick v. Hunter,* 500 F.3d 978, 984–86 (9th Cir.2007). In *Warsoldier v. Woodford,* 418 F.3d 989 (9th Cir.2005), this court held that an inmate challenging the CDC regulation, 15 Cal. Code Reg. § 3062(e), had shown serious questions going to the merits of his claim that the regulation violated RLUIPA, and we reversed the district court's denial of a preliminary injunction. The regulation imposed a substantial burden on an inmate's practice of his religion, and although it served the compelling interest of prison security, CDC did not demonstrate that it was the least restrictive alternative. *Id.* at 1000–01.

At the time in 2001 and 2002 when Haley was disciplined for refusing to cut his hair, however, it was not yet clearly established that the defendants' conduct violated RLUIPA. No court in this circuit or any other had addressed whether prison grooming regulations violated RLUIPA. The only Ninth Circuit law regarding similar regulations affecting religiously-mandated hairstyles found that they did not violate RLUIPA's predecessor statute, the Religious Freedom Restoration Act. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir.1997). Other circuits had reached similar conclusions. *See Diaz v. Collins,* 114 F.3d 69, 72–73 (5th Cir.1997); *Harris v. Chapman,* 97 F.3d 499, 504 (11th Cir. 1996); *Hamilton v. Schriro,* 74 F.3d 1545, 1550 (8th Cir.1996). As this court stated in 2005 in *Warsoldier,* "There exists little Ninth Circuit authority construing RLUIPA." 418 F.3d at 997 n. 7; *see Henderson v. Terhune,* 379 F.3d 709, 715 n. 1 (9th Cir.2004) ("express[ing] no opinion about

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether the CDC's hair length regulation violates [RLUIPA]" where inmate brought First Amendment challenge only). Certainly in 2001 or 2002, it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The defendants were entitled to qualified immunity.

We reject Haley's argument that qualified immunity applies only to constitutional, not statutory rights. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

AFFIRMED.